CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JAN 0 5 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LESUEUR-RICHMOND SLATE CORP., <br> *Plaintiff,* <br><br> v. <br><br> DAMIEN C. FEHRER, et al. <br> *Defendants.* | CIVIL ACTION NO. 6:09-CV-68 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

Plaintiff brought this suit to recover damages pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, Article I, § 11 of the Constitution of Virginia, and Virginia Code § 19.2-59. The complaint alleged that a warrantless administrative search program authorized by the Mineral Mine Safety Act, Va. Code § 45.1-161.292:1 *et seq.*, ("MMSA") and Defendants' application of that program to Plaintiff's mining operations, violated Plaintiff's rights under state and federal law. In an opinion dated November 3, 2010, I dismissed Plaintiff's claims because I found that the warrantless search program was constitutional, and that the Defendants were entitled to qualified immunity. *LeSueur-Richmond Slate Corp. v. Fehrer*, --- F.Supp.2d ---, 2010 WL 4455559 (W.D. Va. 2010). Now pending before the court is Plaintiff's motion to reconsider or alter that judgment. (docket no. 32). As the matters have been adequately briefed, a hearing is not necessary. For the reasons set forth below, I will deny Plaintiff's motion.

I.

As an initial matter, Defendants aver that Plaintiff does not have standing to sue. The doctrine of standing serves to identify those disputes that are "appropriately resolved through the

1

judicial process." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must show that: (1) he "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there [is] a causal connection between the injury and the conduct complained of"; and (3) "it [is] likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560-61 (citations and quotations omitted). Defendants assert that "Plaintiff can claim no harm from the [Mineral Mine Safety] Act" since Defendant no longer owns or operates mines in Virginia. However, Plaintiff need not allege future injury. Plaintiff has clearly satisfied the injury and causation requirements because it has claimed a concrete past harm arising out of Defendants' allegedly unconstitutional conduct. Moreover, a damages award would redress Plaintiff's grievance. Therefore, Plaintiff has standing.

## II.

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment "to correct a clear error of law or prevent manifest injustice." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Plaintiff alleges two "clear errors" in the court's opinion granting the motion to dismiss. First, Plaintiff alleges that the court failed to consider whether the warrantless administrative search program provided mine operators with adequate notice that their facilities would be subject to inspection, as required by *New York v. Burger*, 482 U.S. 691, 703 (1987). Second, Plaintiff asserts that the court ignored the possibility that the warrantless inspection program may be applied in a manner that is clearly unconstitutional.

Although the opinion did not explicitly address the issue, the MMSA plainly provides

adequate notice to mine operators. Under *Burger*, the authorizing statute for a warrantless inspection program provides adequate notice if it "informs the operator . . . that inspections will be made on a regular basis[,] . . . sets forth the scope of the inspection . . . [and] notifies the operator as to who is authorized to conduct an inspection." 482 U.S. at 711. The MMSA states in relevant part:

> The Director shall not conduct inspections of surface mineral mines which are inspected by the [Federal] Mine Safety and Health Administration; however, mine inspectors and other employees of the Department may enter such mines in order to (i) respond to complaints of violations of this chapter and Chapters 14.5 (§ 45.1-161.293 et seq.) and 14.6 (§ 45.1-161.304 et seq.) . . . .

Va. Code § 45.1-161.292:54B. Thus, the MMSA informs mine operators that they may be subject to periodic inspections, that such inspections will relate to complaints of safety violations,[1] and that mine inspectors and other employees of the Department of Mines and Minerals will conduct the inspections. Such notice is sufficient under *Burger*.

Moreover, the court did not ignore the claim that the inspection program was implemented in an impermissible manner. Because the MMSA is not clearly unconstitutional, qualified immunity doctrine shields Defendants from liability when they act in accordance with the statute. The opinion acknowledged the possibility that "[w]here inspectors hold a complaint open indefinitely, and search records unrelated to health and safety violations, it may fairly be said that the inspectors are no longer 'responding to a complaint,' and thus acting outside of statutory authority." 2010 WL 4455559, at *6. However, I concluded that "that does not appear to be the case here." *Id.* This finding was consistent with Plaintiff's assertion that "the statute allows the very attitudes and actions taken by the [D]efendants in the present case. . . ." Pls.' Br. in Opp'n to Mot. to Dismiss. As Defendants acted within the authority of a statute that is not

---

[1] Plaintiff renews claims that the MMSA program is not limited in scope. However, the court has already addressed this issue fully. 2010 WL 4455559, at *5.

3

clearly unconstitutional, they are entitled to qualified immunity.

### III.

For the reasons set forth in this opinion, Plaintiff's motion to reconsider will be denied in an accompanying order.

The Clerk of the Court is directed to send a certified copy of this opinion and the accompanying order to all counsel of record.

Entered this 5th day of January, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE